# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-263V
Filed: April 5, 2024

| | |
|---|---|
| * * * * * * * * * * * * * | |
| JACK RYTEL | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Ronald Homer, Esq.*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Kimberly Davey, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On February 15, 2019, Jenifer Rytel filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of her minor son. Pet., ECF No. 1. On October 31, 2022, a motion to amend the case caption was filed to name Jack Rytel ("petitioner") as the petitioner in this matter, as he had reached the age of majority. ECF No. 84. Petitioner alleges that he developed transverse myelitis ("TM") after receiving a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on February 7, 2017. Stipulation, filed April 5, 2024, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

Nevertheless, the parties have agreed to settle the case. On April 5, 2024, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

a. **A lump sum of $242,643.85**, representing compensation for first year life care expenses and pain and suffering, **in the form of a check payable to petitioner, Jack Rytel;**

b. **A lump sum of $3,839.14**, representing reimbursement of an Oregon Department of Human Services lien for services rendered on behalf of petitioner, Jack Rytel, **in the form of a check payable jointly to petitioner and**

**Oregon Department of Human Services**
**Personal Injury Liens Unit**
**PO Box 14512**
**Salem, OR 97309-5024**
**PIL No.: 497405**
**Attn: Shane Provost**

c. **A lump sum of $110,000.00,** representing reimbursement of a CareOregon lien for services rendered on behalf of petitioner, Jack Rytel, **in the form of a check payable jointly to petitioner and**

**EXL Health**
**111 Ryan Court, Suite 300**
**Pittsburgh, PA 15205**
**Contract No.: MEMB00000638481**
**Attn: Sarah Turney**

d. **An amount sufficient to purchase the annuity contract** described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JACK RYTEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-263V |
| v. ) | Special Master Roth |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jack Rytel ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a Tdap vaccine on February 7, 2017.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered transverse myelitis ("TM") that was caused-in-fact by the Tdap vaccine. Petitioner further alleges that he suffered the residual effects of the alleged injury for more than six months.

---

[1] The petition was initially filed by petitioner's mother, Jenifer Rytel, on behalf of her son, J.R. *See* Petition. On October 31, 2022, after J.R. reached the age of majority, the case caption was amended to reflect his name. ECF No. 84, 85.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of the alleged injury.

6. Respondent denies that petitioner's alleged TM or its residual effects were caused-in-fact by the Tdap vaccine; and denies that the Tdap vaccine caused petitioner any other injury or petitioner's current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $242,643.85, which amount represents compensation for first year life care expenses and pain and suffering, in the form of a check payable to petitioner;

   b. A lump sum of $3,839.14,[2] representing reimbursement of an Oregon Department of Human Services lien for services rendered on behalf of petitioner, Jack Rytel, in the form of a check payable jointly to petitioner and

   Oregon Department of Human Services
   Personal Injury Liens Unit
   PO Box 14512
   Salem, OR 97309-5024
   PIL No.: 497405
   Attn: Shane Provost

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the Oregon Department of Human Services may have against any individual as a result of any Medicaid payments made to or on behalf of Jack Rytel as a result of his alleged vaccine-related injury suffered on or about February 7, 2017, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

2

c. A lump sum of $110,000.00,[3] representing reimbursement of a CareOregon lien for services rendered on behalf of petitioner, Jack Rytel, in the form of a check payable jointly to petitioner and

> EXL Health
> 111 Ryan Court, Suite 300
> Pittsburgh, PA 15205
> Contract No.: MEMB00000638481
> Attn: Sarah Turney

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Jack Rytel, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that CareOregon may have against any individual as a result of any Medicaid payments made to or on behalf of Jack Rytel as a result of his alleged vaccine-related injury suffered on or about February 7, 2017, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

3

the following life care items available under 42 U.S.C. §300aa-15(a).

> a. For future unreimbursable Insurance Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,532.00 to be paid up to the anniversary of the date of judgment in year 2029. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $5,556.00 to be paid up to the anniversary of the date of judgment in year 2030. Then, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $5,664.00 to be paid up to the anniversary of the date of judgment in year 2031. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $5,796.00 to be paid up to the anniversary of the date of judgment in year 2032.  Then, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $6,012.00 to be paid up to the anniversary of the date of judgment in year 2033. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $6,192.00 to be paid up to the anniversary of the date of judgment in year 2034. Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $6,276.00 to be paid up to the anniversary of the date of judgment in year 2035. Then, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $6,420.00 to be paid up to the anniversary of the date of judgment in year 2036. Then, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $6,552.00 to be paid up to the anniversary of the date of judgment in year 2037. Then, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $6,636.00 to be paid up to the anniversary of the date of judgment in year 2038. Then, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $6,720.00 to be paid up to the anniversary of the date of judgment in year 2039. Then, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $6,768.00 to be paid up to the anniversary of the date of judgment in year 2040, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Insurance Maximum out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,550.00 to be paid up to the anniversary of the date of judgment in year 2040, increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> c. For future unreimbursable Medicare Part B Premium, Medigap, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $11,160.77 to be paid up to the anniversary of the date of judgment in year 2069. Thereafter, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $10,554.77 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> d. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $240.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

4

e. For future unreimbursable Nail Care, Melatonin, Dulcolax, Senokot, Magnesium, Multi Vitamin, Probiotic, Tylenol, and Simethicone expenses, beginning on the first anniversary of the date of judgment, an annual amount of $944.21 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable medical Massage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $959.40 to be paid up to the anniversary of the date of judgment in year 2030, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Cane, Elevated Cuff Brace, Shower Chair, Squatty Potty, Reacher, Kitchen ADLs, and Voice Activated Software expenses, beginning on the first anniversary of the date of judgment, an annual amount of $419.53 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Scooter, Scooter Battery, Scooter Maintenance, and Scooter Lift expenses, on the anniversary of the date of judgment in year 2034, a lump sum of $3,908.33. Thereafter, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $741.91 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Occupational Therapy Home Evaluation, Rolling Walker, Lift Chair, and Portable Ramp expenses, on the anniversary of the date of judgment in year 2044, a lump sum of $445.42. Then, on the anniversary of the date of judgment in year 2045, a lump sum of $1,576.90. Thereafter, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $284.20 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Glove, Wipe, YMCA Gym Membership, and YMCA/Gym Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,300.84 to be paid up to the anniversary of the date of judgment in year 2069. Thereafter, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $1,240.84 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,344.00 to be paid up to the second anniversary of the date of judgment. Then, beginning on the second anniversary of the date of judgment, an annual amount of $9,516.00 to be paid up to the anniversary

of the date of judgment in year 2035. Then, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $12,688.00 to be paid up to the anniversary of the date of judgment in year 2045. Then, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $19,344.00 to be paid up to the anniversary of the date of judgment in year 2055. Then, beginning on the anniversary of the date of judgment in year 2055, an annual amount of $24,180.00 to be paid up to the anniversary of the date of judgment in year 2065. Thereafter, beginning on the anniversary of the date of judgment in year 2065, an annual amount of $33,852.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Driver's Evaluation, Driver's Evaluation Mileage, and Vehicle Modification expenses, on the anniversary of the date of judgment in year 2034, a lump sum of $16,136.00. Thereafter, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $1,552.96 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner, Jack Rytel, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jack Rytel's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the

6

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioner, in his individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on February 7, 2017, as alleged in a petition for vaccine compensation filed on or about February 15, 2019, in the United States Court of Federal Claims as petition No. 19-263V.

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged TM or any other injury or his current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted.

**PETITIONER:**

*Jack Rytel*
JACK RYTEL

**ATTORNEY OF RECORD FOR PETITIONER:**

*Ronald C. Homer by Meredith Daniels*
RONALD C. HOMER, ESQ. Rule 83-1(c)(2)
CHRISTINA CIAMPOLILLO, ESQ.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990
Email: cciampolillo@ccandh.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.02.27 14:44:07 -05'00'
for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville. MD 20857

Dated: 4/5/2024

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington. DC 20044-0146
Tel: (202) 307-1815
Email: kimberly.davey@usdoj.gov

10