CORRECTED

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-263
Filed: May 15, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| JACK RYTEL, | * |
| Petitioner, | * |
| v. | *   Decision on Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 15, 2019, Jenifer Rytel, on behalf of her then-minor son, Jack Rytel, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed transverse myelitis ("TM") after receiving a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on February 7, 2017. Petition, ECF No. 1. On April 5, 2024, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 105).

On October 2, 2024, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 110). Petitioner requests total attorneys' fees and costs in the amount of $143,702.71, representing $107,293.60 in attorneys' fees and $36,409.11 in attorneys' costs.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Fees App. at 1-2. Pursuant to General Order No. 9, petitioner warrants that he incurred $13.04 in costs in pursuing this claim. *Id.* at 1-2. Respondent responded to the motion on October 3, 2024, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2, 4 (ECF No. 111). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioners request the following hourly rates for the work of their counsel at Conway, Homer, P.C:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| Ronald Homer | - | - | $430 | $447 | $447 | $475 | $500 | $525 |
| Christina Ciampolilo | $307 | $342 | $350 | $380 | $380 | $425 | $470 | $470 |
| Joseph Pepper | - | - | - | $355 | $355 | $415 | $455 | $485 |
| Lauren Faga | - | - | - | - | $330 | - | - | - |
| Meridith Daniels | - | - | $320 | - | $350 | $410 | $455 | $485 |
| Patrick Kelly | - | - | - | $225 | $225 | $250 | - | $345 |
| Paralegal | $138 | $142 | $145 | $155 | $155 | $170 | $185 | $195 |

These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

**B.  Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*,

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds that a minor reduction is necessary for attorney time billed for review of basic documents such as status reports, motions, and statements of completion prepared by other attorneys. *See* Fees App. Ex. A at 29-31, 49, 51, 54, 57, 61, 64, 69, 75, 79-81, 84, 89 108, 123, 125. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.,* No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). A reduction of **$893.50** shall be made to address this issue.

Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $106,400.10.

**C.   Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $36,409.11 in costs. Fees App. Ex. B at 1. This amount consists of acquiring medical records, the Court's filing fee, postage, and copies. *Id*. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter.

Petitioner's requested costs also include expert services performed by Robert Thompson Stone, MD at a rate of $400.00 per hour, for 15 hours, totaling $6,000.00. This rate is consistent with what Dr. Stone has been previously awarded, and the undersigned finds it reasonable herein. *See K.N. v. Sec'y of Health & Human Servs.*, No. 17-722V, 2023 WL 6295520 (Fed. Cl. Spec. Mstr. Aug. 30, 2023).

Additionally, petitioner requests $23,178.75 for life care planner services provided by Ms. Maureen Clancy. Fees App. Ex. B at 63. Ms. Clancy's invoice states that she billed 121.8 hours at

4

a rate of $175.00 per hour, totaling $21,315.00, and 21.3 travel hours billed at $87.50 per hour (one-half of her regular hourly rate), totaling $1,863.75, across seven different time logs. *Id*. Upon review of Ms. Clancy's time logs, the undersigned finds that there is a discrepancy between these logs and the corresponding invoice. Ms. Clancy's time logs reflect the following: Log #1- 2.8 hours; Log #2- 38 hours (14.7 regular hours and 23.3 travel hours); Log #3- 17 hours; Log #4- 22.6 hours; Log #5- 17.2 hours; Log #6- 22.6 hours; and Log #7- 3.3 hours. *Id*. at 64-73. The time logs total 123.5 hours, including 100.2 regular hours, and 23.3 travel hours. This discrepancy results in a reduction of **$3,605.00**.[4]

Accordingly, petitioner is awarded final attorneys' costs in the amount of $32,804.11.

Finally, petitioner requests a total of $13.04 for postage costs he incurred related to pursing this claim. Fees App. Ex. C. The undersigned finds these costs to be reasonable and will award them in full.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards the following:

1) **a lump sum of $139,204.21, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2) **a lump sum of $13.04, representing reimbursement for Petitioner's costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] ($175.00 x (121.8 hrs. - 100.2 hrs.) = $3,780) + ($87.50 x (21.3 hrs. - 23.3 hrs.) = -$175.00) = $3,605.00

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).